IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sally Hart and Center for Medicare Advocacy, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> United States Department of Health and Human Services, <br><br> Defendant. | CV-09-0076-TUC-CKJ (JCG) <br><br> **REPORT & RECOMMENDATION** |

Pending before the Court is a Motion for Summary Judgment filed by Plaintiffs Sally Hart and Center for Medicare Advocacy, Inc. on April 2, 2009. (Doc. No. 14.) Plaintiffs' action, brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeks to compel the Department of Health and Human Services ("DHHS") to provide government documents requested by Plaintiffs on August 12, 2008. Plaintiffs contend that, based on the undisputed facts before the Court, they are entitled to judgment as a matter of law.

Defendant United States Department of Health and Human Services filed a Response and Cross-Motion for Summary Judgment on June 4, 2009. (Doc. No. 24.) Defendant contends that all requested documents have been provided to Plaintiffs and that Defendant is entitled to judgment as a matter of law.

1  Plaintiffs responded to Defendant's cross-motion and replied to Defendant's response on June 23, 2009. (Doc. No. 27.) Defendant replied to Plaintiffs' response on July 13, 2009. (Doc. No. 28.)

Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Guerin for a Report and Recommendation. (Doc. No. 29.) The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying Plaintiffs' Motion for Summary Judgment and granting Defendant's Cross-Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 2008, Plaintiffs wrote to the Freedom of Information Group within Defendant's division, the Centers for Medicare & Medicaid Services ("CMS"), requesting copies of documents and information pursuant to FOIA. (PSOF 1, DRSOF 1.)[1] The request sought information regarding numbers of attorneys against whom CMS or its agents took action to recover conditional payments under the Medicare Secondary Payer Program. (DSOF 1; PRSOF 1.) According to Plaintiff Sally Hart, the request was filed in an attempt to gather information for an article that Ms. Hart is authoring regarding popular misconceptions concerning the authority of the Medicare agency in collecting Medicare Secondary Payer claims, particularly the ongoing description of Medicare's unperfected claims as "liens" which impose particular obligations on personal injury attorneys. (Doc. No. 27, Ex. 1.) Neither of the Plaintiffs will receive any remuneration for the article by Ms. Hart. (*Id*.)

The CMS FOIA Group in the Baltimore Central Office ("CMS FOIA Group") has a staff of approximately 15 people, ten of whom are dedicated FOIA analysts. These analysts are responsible for processing requests that seek categories of records that have not been

---

[1] References to the parties' Statements of Fact are abbreviated herein as follows: Plaintiffs' Statement of Facts (Doc. No. 18) is abbreviated as "PSOF"; Defendant's Response to Plaintiff's Statement of Facts (Doc. No. 25, pg. 1) is abbreviated as "DRSOF"; Defendant's Statement of Facts (Doc. No. 25, pg. 2.) is abbreviated as "DSOF"; and Plaintiff's Response to Defendant's Statement of Facts (Doc. No. 26) is abbreviated as "PRSOF".

designated for direct release by CMS program offices, including CMS regional offices and Medicare contractors, in accordance with this agency's FMS guidelines. (DSOF 2; PRSOF 2.) Plaintiffs' FOIA request was assigned to a FOIA analyst because it sought documents not within the direct release category. (DSOF 3; PRSOF 3.)

Due to personal health issues and the care of a dependent family member, the FOIA specialist assigned to Plaintiffs' request was out of the office during the latter part of 2008 and the early part of 2009. (DSOF 5; PRSOF 5.) Because of the limited number of FOIA personnel in the FOIA Group, it was not possible to reassign the specialist's FOIA requests to another staff member. (*Id.*) Consequently, Defendant's response to the request was delayed. (*Id.*)

On October 30, 2008, Plaintiffs wrote again to CMS FOIA Group, appealing the Defendant's failure to supply the requested documents within the time frame specified by law. (PSOF 2; DRSOF 2.)

It is the responsibility of each FOIA analyst to send the requester an acknowledgment letter and to refer the FOIA request to the CMS components likely to have responsive records. (DSOF 4; PRSOF 4.) On February 17, 2009, CMS wrote to Plaintiffs to acknowledge receipt of the FOIA request. (PSOF 3; DRSOF 3.) The letter explained that, due to a very heavy volume of FOIA requests, CMS was processing requests on a "first in, first out" basis. (PSOF, Ex. A.) The letter further stated: "Please be assured that a search has been initiated for records falling within the scope of your request. If any such records are located, they will be reviewed as soon as possible, and you will be notified of our decision regarding release or non-release of those documents." (*Id.*) The letter advised Plaintiffs of the process for expediting their request if necessary. (*Id.*) The letter also advised Plaintiffs of CMS's policies regarding fees charged for processing requests. (*Id.*)

Prior to receipt of CMS' February 17, 2009 letter, on February 6, 2009, Plaintiffs had filed the pending action. (Doc. No. 1.) Patricia Mantoan, an attorney in the General Law Division of the Office of General Counsel ("OGC"), learned of Plaintiffs' lawsuit on February 18, 2009, when she received a copy of the Complaint by electronic mail from the

1 | U.S. Attorney's Office in Tucson, Arizona. (DSOF 9; PRSOF 9.) The CMS FOIA Group did not become aware of Plaintiffs' lawsuit until February 18, 2009, when two staff persons in the CMS FOIA Group received email notification from Ms. Mantoan. (DSOF 8, 9; PRSOF 8, 9.)

On that same date, Plaintiffs' request was referred to the Center for Medicare Management ("CMM") and the Office of Financial Management ("OFM") for searches for responsive records. (DSOF 4; PRSOF 4.) CMM serves as the focal point for all CMS interactions with health care providers, intermediaries, carriers, and Medicare Administrative Contractors ("MACs") for issues relating to Medicare fee-for-service ("FFS") policies and operations. (*Id.*) OFM has responsibilities for the Medicare Secondary Payer Recovery Claims program. (*Id.*)

On February 24, 2009, Plaintiffs responded to Defendant's letter of February 17, 2009. Plaintiff noted the filing of their Complaint in this action and provided further information regarding their entitlement to a waiver of fees for the requested documents. (PSOF 4; DRSOF 4.)

On February 25, 2009, CMM notified the FOIA Group that they did not have any responsive records. (DSOF 10; PRSOF 10.)

In March 2009, OFM referred Plaintiffs' request to OGC, which may handle litigation involving recovery under the Medicare Secondary Payer program. (DSOF 11; PRSOF 11.) The request was then circulated to the ten OGC regional offices and the OGC Central Office.

In early April, 2009, OFM informed the CMS FOIA Group that it did not have any responsive records. (DSOF 12; PRSOF 12.)

In early April 2009, OGC informed the CMS FOIA Group that it did not have any directly responsive records, but that it was able to find a court decision on a recovery case in West Virginia. (DSOF 13; PRSOF 13.) The CMS FOIA Group conducted additional research and retrieved two additional court decisions cited in the case provided by OGC. (*Id.*)

On April 8, 2009, Defendant sent to Plaintiffs via overnight mail the 12 pages of responsive records and two cases printed from Westlaw. (DSOF 14; PRSOF 14.) Defendant also informed Plaintiffs that it was waiving any fees incurred in providing the documents. (*Id.*)

**STANDARD OF REVIEW**

In deciding a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987).

Summary judgment is appropriate if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

A party moving for summary judgment initially must demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. The moving party merely needs to point out to the Court the absence of evidence supporting its opponent's claim; it does not need to disprove its opponent's claim. *Id.*; *see also* Fed. R. Civ. P. 56(c). If a moving party has made this showing, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See also Anderson*, 477 U.S. at 256; *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

The ultimate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251.

**DISCUSSION**

Plaintiffs allege that Defendant violated the timeliness requirement of the FOIA. Plaintiffs further allege that they are entitled to an award of attorneys' fees incurred in bringing this action. In response to Plaintiffs' Motion, Defendant contends that Plaintiffs' action is moot and should be dismissed and that Plaintiffs' request for fees should be denied. Defendant further moves for summary judgment on the ground that it has discharged its obligation under FOIA and is therefore entitled to dismissal of the case against it.

**1. Timeliness Requirements of FOIA**[2]

A federal agency must "promptly" make available records properly requested by members of the public. *See* 5 U.S.C. § 552(a)(3)(A). Upon receipt of a request for records, the agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(I). The agency must make a determination with respect to any appeal within twenty days after receipt of the appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii). In "unusual circumstances,"[3] the 20-day time limit for an agency's response to a FOIA records request may be extended by "written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 551(a)(6)(B)(I).

---

[2] Plaintiffs also devote a portion of their Motion for Summary Judgment to outlining the law regarding waiver of fees associated with document production. (Doc. No. 17, pgs. 2 & 5.) However, because it is undisputed that Defendant did not charge Plaintiffs any fees for the production of their requested information, this discussion is irrelevant.

[3] "Unusual circumstances are defined as "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 551(a)(6)(B)(iii).

If the agency does not make a timely determination regarding a records request, the requesting party may proceed as if the request had been denied. 45 CFR 5.35(a). If the agency fails to respond timely to a request for records, or to an appeal, the requesting party is deemed to have exhausted remedies and can seek relief at the next stage of the process. 5 U.S.C. § 552(a)(6)(C)(I). "On complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

**2.    Plaintiff's action is moot because Defendant has discharged its obligations under FOIA**

It is undisputed that Defendant has conducted a reasonable search for records and provided to Plaintiffs all responsive records found. (Doc. No. 27, pg. 4; Doc. No. 28, pg. 1.) Under the law of this Circuit, Plaintiffs' action is moot. An action to compel the production of documents under the FOIA is mooted, and appropriately dismissed, when the agency in control of the requested documents delivers them to the plaintiff. *See Beech v. C.I.R.*, 190 F.Supp.2d 1183 (D. Ariz. 2001), *aff'd in Beech v. C.I.R.*, 37 Fed.Appx. 324 (9th Cir. 2002) (citing *Carter v. Veterans Administration*, 780 F.2d 1479, 1481 (9th Cir.1986)); *see also Rouse v. U.S. Dept. of State*, 567 F.3d 408, 411 n.1 (9th Cir. 2009) (affirming *Carter*).

Plaintiffs argue that a party who voluntarily ceases unlawful conduct after the other party has filed suit falls within the voluntary cessation exception to the mootness doctrine, and that the voluntary cessation doctrine has been applied in FOIA cases. (Doc. No. 27, pg. 5.) Plaintiffs do not offer any case law from this jurisdiction to support that assertion, citing instead to the federal districts of the D.C. Circuit and Oregon. These cases apply the voluntary cessation doctrine where "an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials," noting that "a party's challenge to the policy or practice cannot be mooted by the release of the specific documents that prompted the suit." *Payne Enterprises, Inc. v. United States.*, 837 F.2d 486, 491 (D.C. Cir.

1988). While there is some case law in this Circuit suggesting that an agency's pattern and practice of delayed responses to FOIA requests may be held to violate the FOIA, *see Mayock v. Nelson*, 938 F.2d 1006, 1007 n.1 (9th Cir. 1991) (noting district court's determination that, because the complaint alleged a recurring "pattern and practice" of FOIA violations, the plaintiff had standing and his claims were not moot), Plaintiffs have not presented sufficient evidence of a "pattern" of delayed responses by Defendant. Plaintiffs do not offer any evidence in support of their claim that they have "made FOIA requests to Defendant in the past and [expect] to do so in the future, when [they] would again face delays resulting from Defendant's non-compliant procedures." (Doc. No. 27, pg. 5.) The fact that Defendant stated in its February 17, 2009 letter to Plaintiffs that it processes FOIA requests on a "first in, first out" basis does not amount to a factual showing that Defendant continually violates the FOIA timeliness requirements.[4] In sum, while the evidence demonstrates that Defendant did not comply with the timeliness requirements in this case, there is only a suggestion, not evidence, of other failures by Defendant.[5] *See generally Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1174 (9th Cir. 2002) (holding that an agency which exhibited a recurring pattern of correcting regulatory violations immediately after the commencement of litigation could be challenged, as an exception to the mootness doctrine, where challenging party presented other, similar cases as evidence). Thus, Plaintiffs have not met their burden of proof for summary judgment.

**3.     Plaintiffs are not eligible for an award of attorneys' fees**

Although Plaintiffs' FOIA claim is moot, they may nonetheless pursue a claim for attorneys' fees incurred in bringing this action. Attorney fee issues are ancillary to the

---

[4] To the contrary, a "first-in, first-out" approach to handling FOIA requests was approved by the Ninth Circuit in *Exner v. Federal Bureau of Investigation,* 542 F.2d 1121, 1123 (9th Cir. 1976).

[5] Defendant cited to information from the Department of Health and Human Services demonstrating that CMS has increased the number of FOIA requests it processes each year and is taking affirmative steps to reduce backlog and streamline the FOIA process, which further undercuts Plaintiffs' allegation that Defendant is engaged in a pattern and practice of deliberately delayed responses to FOIA requests. (Doc. No. 28, pgs. 3-5.)

underlying action and survive independently under the court's equitable jurisdiction. *See Carter v. Veterans Administration*, 780 F.2d 1479, 1481 (9th Cir.1986). The FOIA attorney fee provision requires courts to engage in a two-step inquiry: first, whether the plaintiff is eligible under the statute for an award of fees; and second, whether the court in its discretion finds the plaintiff entitled to an award of fees. *See Church of Scientology of California v. U.S. Postal Service*, 700 F.2d 486, 489 (9th Cir. 1983). Because the Court concludes that Plaintiffs are not eligible for attorneys' fees, it does not reach the issue of Plaintiffs' entitlement.

Prior to its most recent amendments, the FOIA had a basic fee provision: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." *Oregon Natural Desert Ass'n v. Locke,* --- F.3d ----, 2009 WL 1941471, *3 (9th Cir. July 8, 2009) (citing 5 U.S.C. § 552(a)(4)(E) (prior to amendment)). Whether a party had substantially prevailed such that the party was eligible for a fee award was examined under a court-determined legal framework that analyzed: (1) whether the suit was reasonably necessary to obtain the information; and (2) whether the suit had a substantial causative effect on the release of the documents in question.[6] *See Church of Scientology*, 700 F.2d at 489. However, the current version of FOIA, signed into law on December 31, 2007, amended the attorneys' fee provision and provided a statutory definition of "substantially prevailed," thereby changing the legal standard regarding a party's eligibility for an award of attorneys' fees. *See Oregon Natural Desert Ass'n v. Locke,* --- F.3d ----, 2009 WL 1941471, *3 (9th Cir. July 8, 2009). FOIA currently provides:

> The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

---

[6] Both parties briefed the attorneys' fees issue in this case pursuant to the old legal standard (presumably because the issue was largely briefed before the Ninth Circuit issued its decision in *Oregon Natural*) although Plaintiffs contended it was no longer the current legal standard. (Doc. No. 24, pgs. 6-11; Doc. No. 27, pgs. 6-15; Doc. No. 28, pgs. 5-7.)

> (ii) For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either–
>
>> (I) a judicial order, or an enforceable written agreement or consent decree; or
>>
>> (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E)(ii). This amendment was designed to ensure that FOIA complainants could rely on the "catalyst theory" in order to become eligible for an award of attorney fees. *See Oregon Natural*, 2009 WL 1941471 at *3-4. The "catalyst" theory "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 601 (2001). In the amendments to the FOIA, the "catalyst theory" is incorporated into the statute at 5 U.S.C. § 552(a)(4)(E)(ii)(II).

Accordingly, under the current version of 5 U.S.C. § 552(a)(4)(E)(ii), Plaintiffs are eligible for an award of attorneys' fees if (a) they have obtained a judicial order granting them relief, or (b) Defendant voluntarily changed its position as a result of Plaintiffs' complaint. Neither applies in the instant case. First, the Court has not issued an order granting Plaintiffs relief. Second, Plaintiffs' lawsuit did not bring about a voluntary change in Defendant's conduct. It is undisputed that Defendant initiated its search for records requested by Plaintiffs on or before February 17, 2009. This search led to Defendant's final response to Plaintiffs' request for records. It is also undisputed that Defendant did not learn of Plaintiffs' lawsuit until February 18, 2009, after the record search had been initiated. Although Plaintiffs speculate that Defendant was motivated by the litigation to respond to Plaintiffs' request as soon as possible, Plaintiffs have not presented any factual evidence to support that assertion. To the contrary, Defendant's February 17, 2009 letter stated that any records located would be "reviewed as soon as possible" and that Plaintiffs would be notified accordingly. Accordingly, Plaintiffs have failed to demonstrate that they have substantially prevailed.

**RECOMMENDATION**

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order DENYING the Motion for Summary Judgment filed by Plaintiffs on April 3, 2009 (Doc. No. 17), GRANTING the Cross-Motion for Summary Judgment filed by Defendant on June 4, 2009 (Doc. No. 24) and DISMISSING WITH PREJUDICE the claims alleged against Defendant.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-09-76-TUC-CKJ.**

DATED this 31st day of July, 2009.

_____
Jennifer C. Guerin
United States Magistrate Judge