IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SALLY HART and CENTER FOR MEDICARE ADVOCACY, INC., | |
| Plaintiffs, | No. CR 09-076-TUC-CKJ |
| vs. | **ORDER** |
| UNITED STATES DEPARTMENT OF HEATH AND HUMAN SERVICES | |
| Defendant. | |

On July 31, 2009, Magistrate Judge Jennifer C. Guerin issued a Report and Recommendation [Doc. # 30] in which she recommended denying Plaintiff's Motion for Summary Judgment [Doc. # 14], granting Defendant's Cross-Motion for Summary Judgment [Doc. # 24], and dismissing with prejudice the claims alleged against Defendant. The magistrate judge advised the parties that they had ten days to serve and file any written objections to the Report and Recommendation. Plaintiffs filed an objection and requested oral argument. The Defendant filed a response. The Court declines to schedule this matter for oral argument and adopts the recommendation of the magistrate judge.

*Report and Recommendation*

On August 12, 2008, Plaintiffs submitted a request for information under the Freedom of Information Act (FOIA) to the Centers for Medicare and Medicaid Services (CMS). Defendant's response to the request was delayed because the agent assigned to Plaintiffs' FOIA request was out of the office for personal health issues and the care of a dependent

1 | family member. Defendant was unable to reassign the request to another staff member due
2 | to the limited number of FOIA personnel in the office. On October 30, 2008, Plaintiffs wrote
3 | to CMS, appealing the Defendant's failure to acknowledge the FOIA claim. CMS wrote to
4 | Plaintiffs to acknowledge the receipt of the FOIA request on February 17, 2009.

Prior to receiving Defendant's acknowledgment of the FOIA request, Plaintiffs filed a lawsuit on February 6, 2009. Plaintiffs' notice of the lawsuit arrived at Defendant's office in Washington, D.C. on February 17, 2009, and CMS received actual notice on February 18, 2009 at its office in Baltimore, M.D. Defendant has provided all the documents requested.

The magistrate judge found that Plaintiffs' claims were moot because the Defendant has already provided the documents requested under the FOIA. The magistrate judge further found that Plaintiffs were not entitled to attorney fees because (1) Plaintiffs had not obtained a judicial order granting relief and (2) Defendant did not voluntarily change its position as a result of Plaintiffs' complaint.

*Objections to the Report and Recommendation*

Plaintiffs objected to the Report and Recommendation and assert that Plaintiffs' action is not moot because there is plausible evidence that Defendant has a pattern and practice of failing to respond timely to FOIA requests and that Plaintiffs meet the statutory test for an award of attorney fees.

*Discussion*

**1. Plaintiffs' action is moot because the agency has discharged its duty under the FOIA.**

The FOIA requires a response within 20 days of a request. 5 U.S.C. § 552(a)(6)(A)(i). It is undisputed that Defendant failed to respond to Plaintiffs' request within 20 days. However, an action to compel the production of documents under the FOIA is mooted, and appropriately dismissed, when the agency in control of the requested documents delivers them to the plaintiff. *See Beech v. C.I.R.*, 190 F.Supp.2d 1183 (D. Ariz. 2001), *aff'd*

*in Beech v. C.I.R.*, 37 Fed.Appx. 324 (9th Cir. 2002). It is undisputed that Defendant has provided Plaintiffs with all the requested documents under the FOIA. The magistrate judge found that because Defendant has discharged its duty under the FOIA, Plaintiffs' action is moot.

Plaintiffs, however, claim that their action is not moot because there is plausible evidence that Defendant has a pattern and practice of failing to respond timely to FOIA requests. The magistrate judge agreed that an agency's pattern and practice may be held to violate the FOIA when it fails to exercise "due diligence" under § 552(a)(6)(C). *Mayock v. Nelson*, 938 F.2d 1006, 1007 (9th Cir. 1991). Plaintiffs, however, have not presented sufficient evidence of a pattern of delayed responses.

CMS receives more requests than any other component of the Department of Health and Human Services (DHHS). CMS received 37,587 new FOIA requests in fiscal year 2007 and processed 36,822. CMS then received 43,792 new requests in fiscal year 2008 (the year of Plaintiffs' FOIA request) and processed 41,260 requests. Additionally, CMS uses a "first-in, first-out" approach to handle FOIA requests. The Court agrees with the magistrate judge that Defendant's "first in, first out" practice does not amount to a factual showing that Defendant continually violates the FOIA requirements. Further, as stated by the magistrate judge, "a 'first-in, first-out' approach to handling FOIA requests was approved by the Ninth Circuit in *Exner v. Federal Bureau of Investigation*, 542 F.2d 1121, 1123 (9th Cir. 1976)." Report and Recommendation, p. 8, n. 4.

The Court also considers the facts set forth in *Center for Medicare Advocacy, Inc. v. U.S. Dept. of Health and Human Services*, 577 F.Supp.2d 221, 242 (D.D.C. 2008), and the data submitted by the parties (e.g., 2006 improvement plan; HHS Fiscal Year 2008 Freedom of Information Annual Report). Although Plaintiffs argue that the data shows that the backlog has increased, the data also establishes that number of FOIA requests has also increased. Most significantly, the data also indicates that CMS increased the number of responses processed. The Court agrees with the magistrate judge that a pattern and practice

- 3 -

of delayed responses warranting a determination of a FOIA violation has not been established.

This circuit has recognized that due diligence under the FOIA may require an agency with a "first-in, first-out" practice to give priority to requesters with an exceptional need. *Mayock*, 938 at 1008. In *Mayock v. Nelson*, the Ninth Circuit remanded the case to the district court to determine whether the Plaintiff had shown an exceptional need. *Id.* There, the plaintiff was an immigration attorney whose clients were often deported before he received FOIA documents necessary for immigration proceedings. *Id.* at 1007. Plaintiffs in this case have not asserted that they are entitled to priority in Defendant's "first-in, first-out" system due to some exceptional need, such as the imminent harm faced by deportees in *Mayock*. Because Plaintiffs do not claim or show an exceptional need, Defendant has not violated the FOIA's due diligence standard by failing to afford Plaintiffs priority in the "first-in, first-out" system.

**2. Plaintiffs are not eligible for attorney fees because there is insufficient evidence to support a claim that Defendant materially changed its position as a result of pending litigation.**

In order to obtain an award of attorney fees under the FOIA, the plaintiff must demonstrate both eligibility and entitlement to the award. *Long v. I.R.S.*, 932 F.2d 1309, 1313 (9th Cir. 1991). Because this Court finds that Plaintiffs are not eligible for an award of attorney fees, it need not address the issue of entitlement.

Plaintiffs are eligible for attorney fees when they substantially prevail by obtaining relief through either (1) a judicial order, enforceable written agreement, or consent decree; or (2) "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552 (a)(4)(E). As Plaintiffs have not received a judicial order, enforceable written agreement, or consent decree, they are only entitled to attorney fees if the agency made a voluntary or unilateral change in its position as a result of pending litigation. Plaintiffs claim that, because the DHHS received notice of the suit before it acknowledged Plaintiff's FOIA request, the

- 4 -

voluntary or unilateral change in position requirement is met. Plaintiffs object to the findings in the Report and Recommendation because it would create a high burden of proving a defendant's actual motive for supplying documents. This Court finds these arguments unpersuasive and adopts the holding in the Report and Recommendation.

The OPEN Government Act of 2007 made several amendments to the Freedom of Information Act. One of these changes made plaintiffs eligible for attorney fees if the agency makes a voluntary or unilateral change in position. 5 U.S.C. § 552 (a)(4)(E). Prior to the passage of this amendment, the U.S. Supreme Court rejected this "catalyst theory" in *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 605 (2001).[1] Under the holding in *Buckhannon*, parties substantially prevailed only if they received a favorable judgment on the merits or a court-ordered consent decree. *Id.* at 604. As long as agencies changed position before a court order was entered, they were not required to pay attorney fees.

Prior to *Buckhannon*, this circuit addressed the catalyst theory in *Church of Scientology of Cal. v. U.S. Postal Service*, 700 F.2d 486, 489 (9th Cir. 1982). Because the OPEN Government Act of 2007 revived the catalyst theory, the analysis in *Church of Scientology* is instructive in the present case. There, the Church of Scientology of California (the Church) filed a FOIA request with the United States Postal Service (USPS) for information relating to the activities and operations of the Church and its founder. *Id.* at 488. The USPS produced certain documents but denied others, claiming they were exempt from disclosure. *Id*. The Church filed suit to compel disclosure of the withheld documents and,

---

[1] One of the reasons for passing the OPEN Government Act of 2007 was to allow a plaintiff to be eligible for attorney fees when "he or she files a lawsuit to obtain records from the Government and the Government releases those records before the court orders them to do so." 153 Cong. Rec. S15704, 2007 WL 4364208, December 14, 2007. Thus, a plaintiff may now be eligible for attorney fees upon a showing that the lawsuit was reasonably necessary and that the litigation substantially caused the release of the requested records. *Judicial Watch, Inc. v. Bureau of Land Mgmt.*, 562 F.Supp.2d 159, 172 (D.D.C. 2008). This is what is known as the "catalyst theory."

after several appeals, the district court held that the undisclosed material was properly withheld. *Id.* at 489. The district court also denied the Church's request for attorney fees. *Id*. In holding that the case should be remanded to the district court, the Ninth Circuit reasoned that there was a factual dispute as to whether the documents had been released as a result of the litigation. *Id.* at 490. It is the district court's responsibility to determine whether "a causal nexus exists between the action and the surrender of information." *Id.* at 489.

A plaintiff may be eligible for an award of attorney fees upon a showing "that: (1) the filing of the action could reasonably have been regarded as *necessary* to obtain the information; and (2) the filing of the action had a *substantial causative* effect on the delivery of the information." *Id*. A suit may be considered *reasonably necessary* where the plaintiff has a compelling need to bring the lawsuit. *Id.* at 490. In *Exner v. Federal Bureau of Investigation*, the Federal Bureau of Investigation (FBI) had failed to turn over information about the plaintiff's relationship with organized crime figures. 443 F.Supp. 1349, 1353 (S.D. Cal. 1978). The district court found that this information, which was leaked, exposed the plaintiff to serious danger, and that the lawsuit was necessary to obtain the information as quickly as possible. *Id.* Also, the court found that the action had a substantial causative effect on the release of the requested documents because the suit resulted in the immediate production of the documents. *Id.*

Conversely, the Eight Circuit upheld a denial of attorney fees in *Gitner v. I.R.S.* because the lawsuit was not reasonably necessary to the production of documents, nor did it have a substantial causative effect on their release. 648 F.2d 469, 471 (8th Cir. 1981); *see also Church of Scientology*, 700 F.2d at 491. There, the IRS was unable to locate requested information and was in the process of conducting a special search when the plaintiff filed suit. *Id.* The IRS found and released some of the documents after the plaintiff filed suit, but the court held that this alone was not enough to infer that the suit had a substantial causative effect on the production of the requested material. *Id.* A lawsuit does not have a substantial

causative effect on the production of material when "an unavoidable delay accompanied by due diligence in the administrative processes, rather than the threat of an adverse court order, was the actual reason for the agency's failure to respond to a request." *Church of Scientology*, 700 F.2d at 491 (citing *Cox v. U.S. Dept. of Justice*, 601 F.2d 1, 6 (D.C. Cir. 1979)).

The present case is more like *Gitner* than *Exner*. Here, the FOIA office filed an untimely response to Plaintiffs' request due to an administrative delay rather than in response to pending litigation. Due to personal health care issues and the need to care for a dependent family member, the FOIA specialist assigned to Plaintiffs' request was out of the office for the latter part of 2008. This caused an unavoidable administrative delay. Additionally, Defendant sent a response to Plaintiffs' request on February 17, 2009, one day before the office received actual notice of this lawsuit. While Defendant was served with notice in its Washington, D.C. office on February 17, it is undisputed that the FOIA office responsible for the claim did not have notice of the suit before sending the response.[2] Because the response was sent before the office had actual notice of the lawsuit, this action cannot be considered to have had a *substantial causative effect* on the production of material. The delay in the response to Plaintiffs' claim was the result of an administrative delay and Plaintiffs have failed to show that their lawsuit had a substantial causative effect on the production of the material.

---

[2]The CMS FOIA Group in the Baltimore Central Office did not become aware of the lawsuit until February 18, 2009. *See* Defendant's Separate Statement of Facts, Ex. 1 ¶ 6. Further, the office did not know of the litigation when the request was referred for searches on February 17, 2009. *Id*. Additionally, Plaintiffs claim that Defendant was served with notice in Arizona eight days before the response was sent. However, summons and complaints against Defendant are required to be sent to the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C. 20201. 45 C.F.R. § 4.1. Service did not arrive at this location under February 17, 2009.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation [Doc. # 30] is ADOPTED.
2. Plaintiffs' Motion for Summary Judgment [Doc. # 14] is DENIED.
3. Defendant's Cross-Motion for Summary Judgment [Doc. # 24] is GRANTED.
4. The claims against Defendant are DISMISSED WITH PREJUDICE.
5. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 16th day of December, 2009.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge